# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 24-0906V

|  |  |
|---|---|
| LYNN LOUISE TORRESO, Personal Representative of the Estate of KENT TORRESO, deceased,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: December 18, 2025 |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA,* for Petitioner.

*James Connor Daughton, U.S. Department of Justice, Washington, DC,* for Respondent.

**DECISION AWARDING DAMAGES**[1]

On June 12, 2024, Lynn Louise Torreso filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that her husband suffered from Guillain-Barre Syndrome ("GBS") following an influenza vaccination he received on October 19, 2022. Amended Petition at 1. Petitioner further alleges that Mr. Torreso's vaccine-related GBS resulted in his death. *Id*. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 12, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for his GBS. On December 17, 2025, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

$450,000.00, comprised of the $250,000 death benefit and $200,000 for pain and suffering. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $450,000.00, comprised of the $250,000 death benefit and $200,000 for pain and suffering, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| LYNN LOUISE TORRESO, as Personal Representative of the Estate of KENT TORRESO, Deceased,<br><br>                  Petitioner,<br>    v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                  Respondent. | No. 24-906 (ECF)<br><br>Chief Special Master Brian H. Corcoran |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On June 12, 2024, Lynn Louise Torreso ("petitioner"), as personal representative of the Estate of Kent Torreso,[1] filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to 34, as amended ("Vaccine Act" or "Act"). Petitioner amended her petition on June 20, 2025 (the "Amended Petition"). ECF No. 24. Petitioner alleges that Kent Torreso developed Guillain-Barré Syndrome ("GBS") as the result of an influenza ("flu") vaccine administered to him on October 19, 2022, and that his death on January 10, 2023, is vaccine-related.

On November 4, 2025, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a flu-GBS Table injury, and that Kent Torreso's death is vaccine-related. ECF No.

---

[1] Petitioner filed documentation on December 17, 2025, establishing that on March 12, 2024, she was appointed personal representative of Kent Torreso's Estate under the laws of the State of Arizona. *See* Exhibit 16. All references to petitioner herein refer solely to Lynn Louise Torreso in her representative capacity as the personal representative of the Estate of Kent Torreso.

31. On November 12, 2025, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 33.

## I.    Items of Compensation

### A.    Death Benefit

Respondent proffers that petitioner should be awarded **$250,000.00**, which represents compensation for the statutory benefit for a vaccine-related death. *See* 42 U.S.C. § 300aa-15(a)(2). Petitioner agrees.

### B.    Pain and Suffering

Respondent proffers that petitioner should be awarded **$200,000.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II.    Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment and requests that the Chief Special Master's decision and the Court's judgment award the following: a lump sum payment of **$450,000.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.[2]

                                      Respectfully submitted,

                                      BRETT A. SHUMATE
                                      Assistant Attorney General
                                      Civil Division

---

[2] If for some reason petitioner is not authorized by a court of competent jurisdiction to serve as the personal representative of the Estate of Kent Torreso at the time a payment pursuant to this Proffer is to be made, then any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as personal representative of the Estate of Kent Torreso upon submission of written documentation of such appointment to the Secretary.

                                JONATHAN D. GUYNN
                                Acting Director
                                Torts Branch, Civil Division

                                HEATHER L. PEARLMAN
                                Deputy Director
                                Torts Branch, Civil Division

                                JULIA M. COLLISON
                                Assistant Director
                                Torts Branch, Civil Division

                                *s/ J. Connor Daughton*
                                J. CONNOR DAUGHTON
                                Trial Attorney
                                Torts Branch, Civil Division
                                U.S. Department of Justice
                                P.O. Box 146
                                Benjamin Franklin Station
                                Washington, D.C. 20044-0146
                                Tel.:   (202) 305-3907
                                Email: james.c.daughton@usdoj.gov

DATED: December 17, 2025